UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER LYNN HOWARD ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:13-0551 |
| ] | Judge Sharp |
| CHEATHAM COUNTY GENERAL ] | |
| SESSIONS COURT, et al. ] | |
|     Defendants. ] | |

**M E M O R A N D U M**

    The plaintiff, proceeding *pro se*, is a resident of White Bluff, Tennessee. He brings this action against the Cheatham County General Sessions Court and the Circuit Court of Cheatham County, seeking damages.

    On July 28, 2012, the plaintiff was arrested in Cheatham County and charged with violating an order of protection. It was later learned that the records held by the defendants mistakenly indicated that he was the subject of an order of protection. As a consequence, the plaintiff alleges that he was falsely arrested because of the negligence of someone at the Cheatham County courthouse who failed to properly update the defendants' records. Docket Entry No.1 at pg.2. He claims that this negligence constitutes a violation of his civil rights.

    Negligent conduct does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 97S.Ct. 285 (1976).

This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); Daniels v. Williams, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to allege conduct in violation of his federally protected rights.

In the absence of a constitutional violation, the plaintiff has failed to state a claim against the defendants upon which relief can be granted. Because the plaintiff is proceeding as a pauper, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge